UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                         Case No. 11-20680

GREGORY DALE BYARS,                       HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (Doc. 71)**

I.

This is a criminal case. In 2012, defendant pleaded guilty to conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Defendant was sentenced to 24 months for the drug offense and 60 months consecutive for the firearms offense.

Before the Court is defendant's motion to vacate under 28 U.S.C. § 2255 in light of Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. 71). The government as filed a response (Doc. 78), contending that the motion should be denied for lack of merit. The Court agrees. The reasons follow.

II.

Title 28 U.S.C. § 2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail under § 2255, Petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. U.S., 368 U.S. 424, 428 (1962)).

III.

Defendant seeks relief under based on the new, retroactively applicable right recognized by the Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Defendant argues that Johnson also invalidated the residual clause in 18 U.S.C. § 924(c). Defendant's argument fails.

First, section 924(c) prohibits the use or carriage of a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The residual clause is in the definition of "crime of violence" not "drug trafficking crime." See 18 U.S.C. § 924(c)(3)(B). Indeed, the term "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2).

Here, defendant was sentenced in count one for conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(b) and 846. His § 924(c) conviction specifically relied on defendant's drug conspiracy as its predicate offense. In other words, defendant's § 924(c) conviction was for possessing a firearm in furtherance of a drug trafficking crime, not a crime of violence. As such, Johnson does not apply. See United States v. Whitson, --- F. App'x

2

---, 2016 WL 6818854 at * 3 (6th Cir. Nov. 18, 2016).

Secondly, even if defendant's § 924(c) conviction was under the residual clause, i.e. for "a crime of violence," he is still not entitled to relief. The Court of Appeals for the Sixth Circuit has recently held that Johnson does not apply to convictions under the residual clause under section 924(c). United States v. Taylor, 814 F.3d 340, 376-79 (6th Cir. 2016).[1]

IV.

For the reasons stated above, defendant's motion under § 2255 is DENIED. Furthermore, reasonable jurists would not debate whether the issues deserve encouragement to proceed further. The Court therefore DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(2).[2] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: December 15, 2016
Detroit, Michigan

---

[1] Defendant acknowledges the holding in Taylor in his motion but says that it was not clear when he signed his motion on June 8, 2016 whether Taylor had sought en banc review. The Sixth Circuit denied en banc review in Taylor on May 9, 2016.

[2] The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.